IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| DAVID CHRIS BEAM, | ) | CIVIL ACTION NO. 1:18-cv-01467-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYBRA LLC, d/b/a ARBY'S, | ) | AMENDED COMPLAINT |
| | ) | |
| Defendant. | ) | |

The Plaintiff, amending the Complaint previously filed on April 24, 2018, in the Court of Common Pleas in Aiken County to properly name the Defendant, would show unto the Court as follows:

1. That the Plaintiff is a resident and citizen of Aiken County, South Carolina and was at the time of the occurrence mentioned herein.

2. That upon information and belief, the Defendant, Sybra, LLC., is a corporation organized under the laws of Michigan and it is doing business as Arby's in Aiken County, South Carolina.

3. That the matter in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, and complete diversity of citizenship exists between the parties, and therefore, jurisdiction in this Court is proper pursuant to Section 1332 of Title 28 of the United States Code of Laws.

4. That on or about October 28, 2015, the Plaintiff, was a customer at Arby's #5563 located at 2001 Whiskey Road in Aiken County, South Carolina at which time he entered the men's

restroom. The floor in the restroom was extremely slick causing the Plaintiff to slip and fall onto the floor resulting in serious and severe injuries.

5. That as a result of the incident, the Plaintiff has sustained serious personal injuries, physical harm, pain, suffering, loss of enjoyment of life, emotional distress, property damage, and other injuries. Such injuries have continued to cause pain and suffering and are of a permanent nature. That the Plaintiff has incurred substantial medical and drug expenses as a result of the injuries and will continue to sustain such expenses in the future because of the permanence of the injuries.

6. That the Defendant, acting at all times through its agents, servants, and employees who were acting within the course and scope of their employment, was negligent, careless, grossly negligent, willful and wanton in one or more of the following particulars, for which the Defendant is liable:

   a) In failing to properly maintain the floors;

   b) In allowing grease to be present on the floors in an area in which patrons would be known to be walking;

   c) In failing to properly mop the floors with clean water so as to not leave a slick residue;

   d) In failing to place warning signs;

   e) In failing to set forth procedures for mopping the floors;

   f) In failing to instruct and train their employees on how to properly and safely mop the floors to keep customers, such as the Plaintiff, from being injured;

   g) In failing to warn customers of a dangerous situation;

    h)      In failing to warn customers of a dangerous situation after being placed on notice of the dangerous condition of the floor in the men's restroom;

    i)      In failing to inspect the floor after the water had dried to ensure the floors were no longer dangerous;

    j)      In failing to timely inspect the men's restroom to ensure the cleanliness and safety of the area; and

    k)      In failing to exercise the degree of care that a reasonable prudent business would have exercised under similar circumstances.

7.      The Plaintiff does herein demand a jury trial.

WHEREFORE, the Plaintiff prays for a judgment against the Defendant for the actual damages incurred by the Plaintiff, for such punitive damages as would be just and appropriate and for such other and further relief as the Court may deem just and proper.

MAXWELL LAW FIRM, P.C.

BY:    *s/Angela Christy Tyner*
       ANGELA CHRISTY TYNER
       Attorney for Plaintiff
       Fed. ID No. 9808
       ctyner@maxwelllawfirm.com
       Post Office Box 1115

Aiken, South Carolina      Aiken, South Carolina 29802
June 19, 2018      (803) 641-6700